UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:  Chapter 11
Midwest Properties of Shawano, LLC, Case No. 10-31515
    Debtor.

# RESPONSE TO DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS TO DISMISSAL

Fox Communities Credit Union (hereinafter referred to as "FCCU") by its attorneys, hereby submits the following in response to Debtor's Memorandum of Law in Support of Objections to Dismissal:

1. Midwest Properties of Shawano, LLC (hereinafter referred to as the "Debtor"), filed a Memorandum of Law in Support of Objections to Dismissal just before midnight on the date of the hearing scheduled on this matter. As such, this response is limited in nature and is submitted to raise certain issues with the arguments set forth in the Debtor's Memorandum.

2. Debtor has provided several inaccurate statements in its factual background. First, in paragraphs 5 and 6, Debtor misleads the Court by asserting that it engaged in the litigation to maximize the value of the estate and that it made substantial steps toward the creation of a plan of reorganization. In fact, the Debtor was not making progress toward creating a plan of reorganization, which is exactly why the initial Chapter 11 case was dismissed by the Bankruptcy Court for the District of Delaware. The Bankruptcy Court for the District of Delaware held a hearing on this issue which included witness testimony that proved that the Debtor was not making adequate progress toward a plan of reorganization.

3. Debtor has raised numerous issues with the decision to dismiss rendered by the Bankruptcy Court of Delaware. However, it is worth noting that Judge Gross's decision was

upheld by the District Court on Appeal. Furthermore, under the doctrine of Collateral Estoppel, Debtor is estopped from raising these same issues with this Court. These same issues were heard and ruled upon by the Bankruptcy Court of Delaware. The Debtor's remedy was to appeal the Bankruptcy Court's decision, which they did. Now that Debtor has withdrawn its appeal to the 3rd Circuit, the ruling of the Bankruptcy Court as affirmed by the District Court is final.

4. Debtor argues that the Trustee failed to do any factual investigation as to the validity or merits of the reasons for dismissal. This is irrelevant. The findings of the Delaware Bankruptcy Court are the law of this case. This Court is not properly allowed to collaterally attack issues actually determined in the Delaware Bankruptcy Court. The fact that Debtor has filed this action and is raising the same issues is evidence that it are simply trying to find a way through the "back door" to circumvent the 3rd Circuit Court of Appeals' denial of the Debtor's request for stay pending appeal.

5. Debtor continues to argue that the dismissal of its Delaware Chapter 11 was effective on September 22, 2009. The Debtor fails to mention that a stay was in effect until May 24, 2010, when the District Court ruled on the dismissal.

6. Debtor's argument that all assets of the Debtor "re-vested" in Debtor once the prior bankruptcy estate was closed is inaccurate. The prior bankruptcy estate was not closed. In fact, the Delaware Bankruptcy Court initially closed the case in error and immediately reopened the case upon discovery of the error.

7. Debtor's presents an argument based on Bankruptcy Rule 1014(b) that authorizes concurrent Chapter 11 filings. However, Rule 1014(b) clearly states:

> If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor … *on motion filed in the district in which the petition filed **first*** [emphasis added] … the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or

cases should proceed. Except as otherwise ordered by the court in which the petition filed first is pending, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made. Bankruptcy Rule 1014(b)

Debtor did not bring a motion before in the district in which the first petition was filed to determine the district or districts in which the case or cases should proceed. Ultimately, the decision on whether this case should proceed is the decision of the Delaware Bankruptcy Court. If this Court is unwilling to dismiss this case, the proceedings should be stayed pending a determination by the Delaware Bankruptcy Court.

8. Debtor's Memorandum continues on to cite multiple cases in which subsequent bankruptcy filings were allowed. This is not a case of subsequent bankruptcy filings. At the time that the Debtor filed this action they had an open case in Delaware. The fact that the case in Delaware remained open makes this an issue of concurrent filing, not subsequent filing. Debtor's recent action to withdraw its appeal in the 3rd Circuit has no bearing on this matter because at the time of the filing, Debtor had two cases pending. At the time of filing the petition in this case the Delaware Bankruptcy Court had jurisdiction over this matter.

9. With regard to the good/bad faith filing arguments that the Debtor presents, Debtor correctly states that the Court should look at the totality of the circumstances surrounding the filing. Bad faith can easily be manifested from the Debtor's conduct.

    a. Debtor stayed in Delaware for one and one-half years under the protection of the stays granted by the Delaware Bankruptcy Court and the Delaware District Court. It was only when the 3rd Circuit Court of Appeals denied Debtor's request for a further stay that Debtor panicked and filed this case.

b. Debtor's statement in the Memorandum that it attempted to negotiate with FCCU and that FCCU announced that it had no intention to work with the Debtor due to FCCU's belief that Debtor is a "cult" organization is a complete and utter fabrication. FCCU has never denied Debtor the right to redeem the property according to its rights under state law.

c. Debtor filed this action on the eve of the Sheriff's Sale despite its knowledge of the sale long in advance of the sale date.

d. There were multiple findings of wrongdoing on the part of the Debtor and its affiliates in the Delaware Bankruptcy Case, which is why the case was ultimately dismissed.

e. It is evident that the Debtor has engaged in forum shopping and abuse of the bankruptcy code by filing this action concurrently with the Delaware action. Given the fact that Debtor did not advise the Court during the first hearing on this issue that the appeal would be withdrawn, it is reasonable to believe that Debtor had no intent of withdrawing its appeal in Delaware had FCCU and the US Trustee not raised issue with the concurrent filing.

f. The affidavit of Naomi Isaacson previously filed in this matter is littered with inaccurate and misleading statements, unfounded allegations, and irrelevant comments which could only be intended to direct the court's attention away from the actual issues of this matter.

WHEREFORE, FCCU respectfully renews its request that this Court enter an Order dismissing the above-captioned case with prejudice and that the Debtor be sanctioned for a bad faith filing. Alternatively, FCCU respectfully requests that this matter be transferred back to the

District of Delaware for a determination to be made by said court in accordance with Bankruptcy Rule 1014(b).

Dated this 30th day of July, 2010.

                                        VAN LIESHOUT LAW OFFICE
                                      Attorneys for Movant

                                      /s/ Steven J. Krueger
                                      Steven J. Krueger (State Bar. No. 1064350)
                                      122 E. Main Street
                                      P.O. Box 186
                                      Little Chute, WI 54140
                                      (920) 788-0800
                                      (920) 788-0907 Facsimile
                                      steven.krueger@littlechutelaw.com