THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: August 01, 2010



_____
Honorable Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

CHAPTER: 11
DATE: July 30, 2010
JUDGE: Pamela Pepper
CASE NO.: 2010-31515
DEBTOR: Midwest Properties of Shawano, LLC
ADV. NO.:
ADV.:

NATURE OF HEARING: Adjourned Hearing on Emergency Motion to Dismiss
APPEARANCES: Bruce Scott - Attorney for DIP, by telephone
Steven Kruger - Attorney for Fox Community Credit Union, by telephone
David Asbach - Assistant U.S. Trustee, by telephone
LAW CLERK: Camille Bent
TIME: 3:37 p.m. - 4:08 p.m.
ADJOURNED DATE:

---

The Court re-capped the fact that it had adjourned the hearing on the creditor's emergency motion to dismiss because it wanted to review the Seventh Circuit's decision in Sidebottom to determine whether it applied under the circumstances presented at the time the DIP filed its petition, and also because it wanted to review the DIP's schedules. The Court noted that since the previous hearing, the DIP had withdrawn its appeal to the Third Circuit. The Court concluded that the withdrawal of the appeal resolved the Sidebottom issue, because there no were longer two cases pending simultaneously in two different districts. The Court further noted that the creditor's motion to dismiss had alleged that the DIP filed the current petition in bad faith. The Court held that while the Delaware court had expressed serious concerns regarding bad faith when it dismissed the previous case, this Court could not conclude that the DIP had filed the current petition in bad faith, given its rebuttal of some of the points raised by the Delaware court. Accordingly, the Court denied the creditor's emergency motion to dismiss the

1

case.

The Court stated, however, that the DIP's most recent pleadings had raised a couple of other issues of concern. Specifically, the DIP alleged that this Court was unable to be impartial to the DIP because the moving creditor was represented by a law firm owned by Attorney Van Lieshout, the brother of another judge on the Eastern District of Wisconsin bankruptcy court. The recent pleadings also alleged that the State of Wisconsin was a hostile venue for the DIP, given allegations the DIP made regarding its treatment at the hands of certain municipal authorities in Shawano.

With regard to the Court's ability to be impartial, the Court stated that it did not know whether Attorney Van Lieshout was related to Judge Susan V. Kelley, although the Court explained that it knew that one of Judge Kelley's brothers was an attorney at a firm in Milwaukee, and that that brother had appeared before this Court in other cases. (Counsel for the creditor later confirmed that Attorney Van Lieshout was, in fact, the brother of Judge Susan V. Kelley.) The Court indicated that it read the DIP's argument to mean that no judge on the Eastern District bankruptcy bench could be impartial, given that all of the other Eastern District judges were colleagues of Judge Kelley. The Court further opined that Judges Martin and Utschig in the Western District likely also could not be impartial under the DIP's rationale, given that Judge Kelley had appeared before them repeatedly when she was an attorney. The Court opined that it might, in fact, be hard to find any bankruptcy judge who could be impartial under the DIP's argument, given the fact that Judge Kelley was known and respected among her fellow bankruptcy judges.

Given all of these concerns, the Court asked counsel for the DIP whether he was, in fact, arguing that the fact that the creditor's attorney might be a brother of another judge on the Court precluded the judge in this case from being impartial. Counsel responded that he wanted to bring that concern to the Court's attention, and that he wanted the Court's assurance that it would treat the DIP fairly. The Court expressed some surprise that the DIP would ask it to provide such an assurance, which would require the DIP to have some trust in the Court's response. At that point, counsel indicated that he believed that the Court could be fair, but that the Court could enquire of the DIP's representative if it so chose.

The UST suggested that the DIP's argument raised a question regarding whether venue was proper. He suggested that given the DIP's concerns, the Court consider transferring venue to Delaware. He noted that the case had a complex, tangled history in Delaware, and that the Delaware bankruptcy court had more experience with this particular DIP than did this Court. He further noted that the DIP itself had suggested in its most recent filings that this district might not be the

2

appropriate one for this case.  Counsel for the creditor agreed with the UST's proposal that the Court transfer venue to the district of Delaware.

The Court noted that the UST had filed an objection to the DIP's application to employ.  The Court stated that although it was not hearing argument on that objection at today's hearing, one of the objections the UST had raised was that counsel for the DIP was not admitted to practice in the Eastern District of Wisconsin.  Counsel for the DIP responded that he had been admitted to the Eastern District of Wisconsin on March 21, 2005.

The Court asked if counsel for the DIP had any response to the transfer of venue argument, given that the DIP's pleadings had alleged that Wisconsin was an unfriendly venue.  Counsel for the DIP stated that his client was the one with the concerns, and that he believed the Court could be impartial.

The Court reiterated that it would not dismiss the case, but concluded that it was appropriate that it transfer venue to the district of Delaware.  The Court stated for the record that it disagreed that a judge who sat in this district could not be fair simply because one of its fellow judges was related to one of the attorneys.  The Court noted that it had had several involving Judge Kelley's other brother, John Van Lieshout, and that the parties had not challenged the Court's ability to be fair in those cases.  The Court also noted that until this case was filed, the Court never had heard of the DIP, nor of the issues the DIP had raised regarding its treatment in Shawano.  The Court concluded, however, that a transfer of venue should resolve the DIP's concerns regarding unfairness.  The Court shortly will issue an order transferring venue.

Wherefore, the Court hereby **DENIES** Fox Community Credit Union's emergency motion to dismiss for the reasons stated above.

#####